**NOT FOR CITATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA,<br><br>    Petitioner,<br><br>  v.<br><br>MICHELETTI FAMILY PARTNERSHIP, et al.,<br><br>    Respondents.<br>_____ / | No. 08-02902 JSW<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION REGARDING BOFA'S MOTION FOR PREVAILING PARTY ATTORNEYS' FEES AND COSTS** |

**INTRODUCTION**

Now before the Court for consideration is the Report and Recommendation on Bank of America N.A.'s ("BOFA") Motion for Prevailing Party Attorneys' Fees and Costs, issued by Chief Magistrate Judge Larson on February 26, 2009. On March 12, 2009, BOFA filed its objections to the Report and a motion for *de novo* review of the Report. The matter is now ripe for consideration, and the Court finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). For the reasons set forth herein, the Court ADOPTS IN PART the Report and Recommendation and DENIES BOFA's motion for attorneys' fees. This ruling is without prejudice to BOFA renewing its request, in the appropriate venue, at the conclusion of arbitration or the state court proceedings.

**BACKGROUND**

On June 11, 2008, BOFA filed a Petition to Compel Arbitration in this court, in which it sought to compel arbitration based upon an arbitration clause in a ground lease, dated July 18,

1  1977, which BOFA, as tenant, entered into with "Bank of America National Trust and Savings
2  Association, as Trustee of the Trust created by Arturo Micheletti by Substituted Declaration of
3  Trust dated March 13, 1931," as landlord.

4  Respondents opposed the motion and moved to dismiss or stay this action in favor of a
5  state court action.  In that state court action, Respondents assert claims against BOFA and Larry
6  P. Johnston, who signed the lease on behalf of BOFA as Landlord, for breach of fiduciary duty,
7  imposition of a constructive trust and accounting, waste, constructive fraud, negligence, and
8  conversion.  Each of the claims in the state court action is premised upon the allegation that
9  BofA engaged in self dealing when it entered into the 1977 Lease.  Respondents, however, do
10 not seek to rescind the 1977 Lease.

11 On October 14, 2008, this Court granted BOFA's Petition to Compel Arbitration, in
12 which it determined that the parties intended to submit the issue of arbitrability to the arbitrator.
13 (Docket No. 46 (Order Denying Motion to Dismiss or Stay and Granting Motion to Compel
14 Arbitration ("Order") at 9:23-24.)  The Court also denied BOFA's request to stay this action on
15 the basis that resolution of the motion to compel resolved the underlying petition and, therefore,
16 there was no further federal action pending involving the disputes at issue.  (*Id.* at 10:7-9.)  The
17 Court also stated that "BofA has obtained all the relief it sought in this Court, and it is entitled
18 to arbitrate its dispute with Micheletti."  (*Id.* at 10:9-10.)  The Court then entered judgment in
19 favor of BOFA.  (Docket No. 47.)

20 On November 26, 2008, BOFA filed its motion for prevailing party attorneys' fees.
21 That motion is premised upon a clause in the Lease, which provides:

22 > If any action at law or equity shall be brought to recover any rent under this
> lease, or for an account of any breach of or to enforce any or interpret any of
23 > the covenants, terms or conditions of this lease, or for the recovery of
> possession of the leased premises, prevailing party shall be entitled to recover
24 > from the other party as part of the prevailing party's costs reasonable
> attorneys' fees, the amounts of which shall be fixed by the court and shall be
25 > made part of any judgment rendered.

26 The Court referred BOFA's motion to Chief Magistrate Judge Larson for a report and
27 recommendation.  On February 26, 2009, Judge Larson issued his Report, in which he
28

2

1 recommended that the Court deny the motion without prejudice, subject to renewal after the
2 conclusion of arbitration.

## ANALYSIS

### A. Applicable Legal Standards.

The Court reviews the Report *de novo*. *Estate of Conners v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993); Fed. R. Civ. P. 72(b)(3). Further, the parties agree that the Court must apply California law to determine whether BOFA is entitled to attorneys' fees. Under California law, "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, ... shall be entitled to reasonable attorney's fees in addition to costs." Cal. Code Civ. P. § 1717(a). "[T]he party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract." *Id.* § 1717(b)(1).

### B. The Report Is Adopted in Part and BOFA's Motion for Attorneys' Fees Shall Be Denied.

BOFA raises the following objections to the Report: (1) the *Erie* doctrine would not preclude a fee award; (2) principles of equity cannot be used to preclude a fee award; (3) BOFA is the prevailing party on the Federal petition, regardless of what may happen in arbitration or the state proceedings; and (4) resolution of the motion should not be deferred pending resolution of the underlying disputes.

The crux of the *Erie* doctrine is that where, as here, "a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109 (1945). The 1977 Lease Agreement provides for attorneys fees "if any action at law or equity shall be brought to ... to enforce any or interpret any of the covenants, terms or conditions of this lease." Judge Larson concluded that BOFA's Federal Petition qualified as an action. (Report at 4:21-6:13.) He also concluded that if BOFA had

3

1  attempted to obtain a ruling on arbitration in the state court proceeding, on the basis that BOFA
2  would not be entitled to fees because there would not have been an "action" pending that was
3  "brought" by BOFA. (*Id.* at 6:7-13.) However, the fact that Respondents filed a state court
4  action after BOFA petitioned for arbitration in this Court is not relevant to the *Erie* issue.
5  Rather, the question is whether BOFA would be entitled to attorneys' fees if it had it brought its
6  petition to compel arbitration in state court in the first instance. The answer to that question is
7  no.

8  BOFA argues that "[t]he key issue in obtaining a fee award when a party seeks to
9  compel arbitration is not the procedural vehicle ... which brings the issue to the Court, but
10 whether the resulting order or Judgment is final and appealable." (Mot. at 5:5-7 (emphasis
11 omitted).) Under California law, an order granting a motion to compel arbitration is not an
12 appealable order. *See Muao v. Grosvenor Properties, Ltd.*, 99 Cal. App. 4th 1085, 1088-93
13 (2002); *State Farm Fire and Casualty v. Hardin,* 211 Cal. App. 3d 501, 506 (1989). This is true
14 even where the arbitration may be governed by the Federal Arbitration Act. *Muao*, 99 Cal.
15 App. 4th at 1090-93 (2002). Thus, if BOFA had filed its petition in state court, and prevailed, it
16 would not have obtained an appealable order.

17 In *Lachkar v. Lachkar*, 182 Cal. App. 3d 641, 648 (1986), the court declined to award
18 attorneys' fees to a party who prevailed on a petition to compel arbitration, because there had
19 been no "'reckoning of the net success' of the parties." Thus, the court concluded that there
20 was no "prevailing party" under Section 1717. *Id.* at 649. Although *Lachkar* was decided
21 before Section 1717 was amended to change the definition of "prevailing party" from "the party
22 who is entitled to recover costs of suit," to "the party who recovered a greater relief in the
23 action on the contract," the Court concludes that this fact does not benefit BOFA.

24 In *Otay River v. San Diego*, 158 Cal. App. 4th 796 (2008), on which BOFA relies, the
25 court concluded that a party who successfully opposed a petition to compel arbitration was
26 entitled to an interim award of attorneys' fees under Section 1717, even though the merits of the
27 underlying contract dispute had not yet been resolved. *Id.* at 805-807. The court reasoned that
28 because the only issue before the court was the dispute over arbitration and because the

4

1 defendant obtained a "simple unqualified win," in that discrete legal dispute, it was entitled to
2 fees. *Id.* The court noted that although the merits of the underlying claim had yet to be
3 litigated, courts had "awarded attorneys' fees to a party obtaining *an appealable order* or
4 judgment in a discrete legal proceeding." *Id.* at 807 (emphasis added). The court then
5 distinguished the *Lachkar* case, on which the plaintiff relied, on the basis that *Lachkar* "did not
6 involve the final resolution of a discrete legal proceeding." *Id.* at 807. Thus, notwithstanding
7 the amendments to Section 1717, it would appear that the *Lachkar* court's conclusion that an
8 award of attorneys' fees under Section 1717 is not proper when a court grants a petition to
9 compel arbitration remains viable.

BOFA also relies on *Acosta v. Kerrigan*, 150 Cal. App. 4th 1124 (2007) in support of its position that an award of prevailing party attorneys' fees is proper at this time. However, as Chief Magistrate Judge Larson correctly noted, the contract at issue in *Acosta* expressly contemplated a fee award if a party was required to move to enforce the arbitration agreement. *Acosta* therefore is distinguishable on its facts.

Because the Court concludes that BOFA would not be entitled to an award of attorneys' fees had this action been filed in state court, the Court concludes that the *Erie* doctrine precludes an award of attorneys fees. The Court therefore overrules BOFA's objection and adopts Chief Magistrate Judge Larson's Report on this basis. BOFA may renew its request for fees, in the appropriate venue, at the conclusion of the state court proceedings or the arbitration.

**IT IS SO ORDERED.**

Dated: April 24, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5